Ruffin, J.
 

 The act of 1823, makes every limitation in remainder by deed effectual, which would be good by an exec-utory bequest; and it seems plain, that, notwithstanding the words “heir of the body” of Sarah Ann,.found in the deed, the event of her dying without heirs is tied up to her life, since the slave is to go over in case of her death “ before she has” such heir. But if there could be any doubt on that point, it is removed entirely by the act of 1827, Rev. Stat. ch. 43, sec. 3, which provides that every contingent limitation in a deed or will, executed after the 15th of January, 1828, “made to depend upon the dying of any person without heir or heirs of the body, shall be held and interpreted to be a limitation to take effect when such person shall die without having such heir living at his death,” unless the intention be otherwise expressly declared in the instrument. If, then, this deed, instead of making the limitation over to depend on Sarah Ann’s death “ before she has an heir of her body,” had made it on her dying “ without an heir of her body,” it would have been good, since the deed is to be read as if the words “ living at her death” had been added ; and those-words always made a good executory bequest, and, consequently, now make a valid limitation in a deed.
 

 The other objections were properly abandoned by the counsel in this Court. Eor, unquestionably, the issue of a female slave goes with the mother, in remainder, by the rule of law. But here, the children of Caroline are expressly limited
 
 *14
 
 over with the mother, and the words are, moreover, that upon the death of the daughter, the grand-daughter
 
 “
 
 shall have and possess the slaves and they amount to an express gift in remainder, or by way of executory limitation.
 

 Per Curiam, Judgment affirmed.